UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE SARAY,<br><br>    Plaintiff,<br><br>  v.<br><br>RALPH DIAZ, et al.,<br><br>    Defendants. | Case No. 5:20-cv-02460-MCS-SHK<br><br>**ORDER DISMISSING CASE** |

For the following reasons, this case is **DISMISSED** without prejudice.

## I. BACKGROUND

On November 29, 2021, the Court issued its Report and Recommendation ("R&R") and Notice of Filing of Report and Recommendation ("R&R Notice"). Electronic Case Filing Number ("ECF No.") 18, R&R; ECF No. 19, R&R Notice. On December 10, 2021, the R&R and R&R Notice were returned to the Court as undeliverable with a notation that Plaintiff Steve Saray ("Plaintiff") was "paroled/discharged." ECF No. 20, Returned R&R at 1 (capitalization normalized); ECF No. 21, Returned R&R Notice at 1 (capitalization normalized).

Based on the returned mail, the Court concluded that Plaintiff failed to properly inform the Court of his updated address in violation of Local Rule of Civil

Procedure for the United States District Court for the Central District of California ("Local Rule") 41-6, which requires a pro se party to keep the Court and opposing parties apprised of the party's current address, telephone number, and e-mail address, if any. As such, on February 4, 2022, the Court ordered Plaintiff to show cause ("OSC") by February 11, 2022, why this case should not be dismissed for failure to prosecute, follow Court orders, and follow Local Rule 41-6. ECF No. 22, OSC. Plaintiff was notified that:

> [i]f mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Id. at 1. Plaintiff was further notified that Plaintiff could satisfy the OSC "by updating the Court with his current address by the date above." Id. Plaintiff was also warned that "failing to update the Court with his current address by the above stated deadline **will result in a recommendation that this action be dismissed for failure to prosecute**." Id. at 2 (emphasis in original).

As of the date of this Order, Plaintiff has failed to update the Court with his current address, respond to the OSC, or otherwise participate in this litigation.

## II.   LEGAL STANDARD

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out five factors similar to those in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263)). In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus. Hernandez, 138 F.3d at 399.

### III.   DISCUSSION

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite being warned in the OSC that failure to update the Court with his address "**will result in a recommendation that this action be dismissed for failure to prosecute**[,]" Plaintiff has failed to do so. ECF No. 22, OSC at 2 (emphasis in original). This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests that Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to Defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecuting an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted). Nothing suggests such a presumption is unwarranted in this case, considering that Plaintiff has failed to comply with the

Court's OSC or offer any excuse for his failure to comply with the Court's OSC or to respond in a timely manner. Thus, this "prejudice" element favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not met this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. Under these circumstances, though this policy favors Plaintiff, it does not outweigh Plaintiff's failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation. Despite the Court's attempt to obtain a response, Plaintiff has shown he is either unwilling or unable to comply with Court orders by failing to file responsive documents, update the Court with his current address, or otherwise cooperate in prosecuting this action. Thus, the Court is not aware of any lesser sanction that is available in this case. See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation omitted); Roman v. Smith, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

Accordingly, dismissal of this action, without prejudice, is appropriate here.

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** that the case is **DISMISSED** without prejudice.

Dated: February 18, 2022

_____
HONORABLE MARK C. SCARSI
United States District Judge

Presented by:

_____
HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge

5